# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-40239
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

MARTIN MANDUJANO-OROZCO,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-CR-404

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Martin Mandujano-Orozco (Mandujano) appeals the sentence imposed following his jury conviction of being about to transfer monetary instruments of more than $10,000, that is, $232,752, in United States currency out of the United States without filing required documentation, and bulk cash smuggling, in violation of 31 U.S.C. §§ 5316(a)(1)(A), (b), 5332(a)(1), and 18 U.S.C. § 2. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that the district court erred by denying an acceptance of responsibility reduction under U.S.S.G. § 3E1.1 (2007).

As Mandujano did not object on this basis in the district court, review is for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005). Mandujano must show an error that is clear or obvious and that affects his substantial rights. See United States v. Baker, 538 F.3d 324, 332 (5th Cir. 2008), cert. denied, No. 08-7559, 2009 WL 56591 (Dec. 2, 2008). We will only correct such an error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

Section 3E1.1(a) provides for a two-level offense level decrease "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." § 3E1.1(a). An additional point is given if, among other things, the defendant assists the government and the government files a motion indicating that an additional point reduction is warranted. § 3E1.1(b). When determining whether a defendant qualifies for the reduction, one consideration is whether the defendant truthfully admits or does not falsely deny any additional relevant conduct. § 3E1.1 cmt. n.l(a). Except in "rare situations," the acceptance of responsibility reduction "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." § 3E1.1 cmt. n.2.

The district court conducted a jury trial at which the Government called witnesses and offered exhibits. The jury considered evidence regarding the offense elements of both indictment counts and returned a verdict regarding both counts. Mandujano has failed to establish that his case presents one of the "rare situations" where a defendant who has put the government through its proof at trial may still qualify for the reduction. See id. Also, this court will defer to the district court's assessment that the reduction was not warranted.

See § 3E1.1 cmt. n.5. Mandujano has not established error, plain or otherwise, in the district court's ruling.

AFFIRMED.